UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAFIYEHSADAT HOSSEININEJAD; and AMIRHOSSEIN TAJADDINI, <br><br> Plaintiffs, <br><br> v. <br><br> ANTONY J. BLINKEN, U.S Secretary of State; and CARSON WU, Acting Director of Screening, Analysis and Coordination, <br><br> Defendants. | C24-0794 TSZ <br><br> ORDER |

THIS MATTER comes before the Court on Defendants' Motion to Dismiss, docket no. 10. Having reviewed all papers filed in support of, and in opposition to, the motion, the Court enters the following order.

**Background**

On March 17, 2024, Plaintiff Safiyehsadat Hosseininejad ("Hosseininejad") filed a Form I-130 on behalf of her adult son, Iranian national Plaintiff Amirhossein Tajaddini ("Tajaddini") (together, "Plaintiffs"). Compl. at ¶¶ 1, 19. Tajaddini would like to immigrate to the United States to care for his elderly parents, Hosseininejad and her husband. Compl. at ¶¶ 63, 73. Tajaddini and his family have experienced increased anxiety and fear due to their inability to be reunited. Compl. at ¶ 76-80. On October 13,

ORDER - 1

2023, Tajaddini was interviewed by the Consular Section of the U.S. Embassy in Yerevan, Armenia. Compl. at ¶ 2. Since the interview, Tajaddini's visa has been "refused" and remains in administrative processing. Compl. at ¶¶ 68, 69.

On June 5, 2024, about eight months after the interview, Plaintiffs commenced this action, arguing that Tajaddini's immigration visa has been unlawfully withheld and unreasonably delayed, and requesting this Court compel Antony J. Blinken, U.S. Secretary of State and Carson Wu, Acting Director of Screening, Analysis and Coordination (together, "Defendants") to adjudicate the immigration visa within 30 days of the order pursuant to the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b) and 706(1)-(2), vacate any actions taken by Defendants that unreasonably delay the issuance of an immigration visa, and enjoin Defendants from any further unreasonable delay. Compl. at pg. 25. On August 16, 2024, Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).

**Discussion**

A. Legal Standard

Although a complaint challenged by a Rule 12(b)(6) motion to dismiss need not provide detailed factual allegations, it must offer "more than labels and conclusions" and contain more than a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must indicate more than mere speculation of a right to relief. *Id.* When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time

ORDER - 2

and money by the parties and the court." *Id.* at 558. A complaint may be lacking for one of two reasons: (i) absence of a cognizable legal theory, or (ii) insufficient facts under a cognizable legal claim. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). In ruling on a motion to dismiss, the Court must assume the truth of the plaintiff's allegations and draw all reasonable inferences in the plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). The question for the Court is whether the facts in the complaint sufficiently state a "plausible" ground for relief. *Twombly*, 550 U.S. at 570. If the Court considers matters outside the complaint, it must convert the motion into one for summary judgment. FRCP 12(d). If the Court dismisses the complaint or portions thereof, it must consider whether to grant leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

B. <u>Analysis</u>

Under the APA, a court may compel an agency to perform an action "within a reasonable time," 5 U.S.C. § 555(b), if that action is "unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). To determine whether agency delays are unreasonable under the APA, the Ninth Circuit has adopted and applies the "*TRAC*" factors.[1] *See Telecommunications Research & Action Center v. F.C.C.*, 750 F.2d 70, 79-

---

[1] The first *TRAC* factor is considered the "most important" factor. *Afghan & Iraqi Allies v. Blinken*, 103 F.4th 807, 816 (D.C. Cir. 2024) (internal quotations omitted). The factors are weighed holistically by the courts. *See Barker v. United States Citizenship & Immigration Services*, No. 823CV00597WLHDFM, 2023 WL 7107257, at *5 (C.D. Cal. Sept. 11, 2023).

ORDER - 3

1  80 (D.C. Cir. 1984) ("*TRAC*"); *Chang v. United States Department of State*, No. C23-
2  01918-RSM, 2024 WL 3161895, at *2 (W.D. Wash. June 25, 2024).

3        District courts have original jurisdiction over any mandamus action intended to
4  compel an officer of an employee of an agency to perform a duty owed to a plaintiff. 28
5  U.S.C. § 1361. Mandamus is considered an "extraordinary remedy" that only applies to
6  nondiscretionary duties. *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1997).

7        In this case, Plaintiffs allege that Defendants have a mandatory, nondiscretionary
8  duty to adjudicate and provide a "final decision" on Tajaddini's immigration visa.
9  Plaintiffs also argue that the eight-month period between Tajaddini's interview and visa
10 refusal and the commencement of this case constitutes unreasonable delay.

11       Plaintiffs' claims must be dismissed for two reasons. First, the visa application has
12 already been adjudicated when it was denied on or about October 13, 2023, and there is
13 no mandatory, nondiscretionary duty to readjudicate it. *See Karimova v. Abate*, No. 23-
14 5178, 2024 WL 3517852, at *3-4 (D.C. Cir. July 24, 2024) (concluding that the
15 government is not required to adjudicate a visa application once it has been refused); *see*
16 *also see also Chang*, 2024 WL 3161895, at *2.

17       Second, even if Defendants had a duty to readjudicate the visa application, the
18 eight-month delay here is not unreasonable under 5 U.S.C. § 706(1) of the APA. Viewing
19 all facts alleged in the complaint in the light most favorable to the non-moving party, the
20 agency's alleged delay is not so egregious as to warrant mandamus. *In re Core*
21 *Communications, Inc.*, 531 F.3d 849 (D.C. Cir. 2008). In reaching this conclusion, the

ORDER - 4

Court has considered the six-factor test set forth in *TRAC* and concludes that the agency's action was not unreasonably delayed as a matter of law.

Generally, a complaint dismissed pursuant to Rule 12(b)(6) should be dismissed without prejudice and with leave to amend. *Lopez*, 203 F.3d at 1130. If the Court "determines that the pleading could not possibly be cured by the allegation of other facts," then it may dismiss the complaint without leave to amend. *Id*. (internal citation omitted). In this case, Plaintiffs' request that the agency adjudicate the visa must be dismissed with prejudice because Tajaddini's visa has already been adjudicated. Plaintiffs' unreasonable delay claim must be dismissed with prejudice because "for a claim for unreasonable delay to survive, the agency must have a statutory duty in the first place." *San Francisco Baykeeper v. Whitman*, 297 F.3d 877, 885 (9th Cir. 2002).

**Conclusion**

The Defendants' Motion to Dismiss pursuant to FRCP 12(b)(6), docket no. 10, is GRANTED. Plaintiffs' claims are DISMISSED with prejudice.

IT IS SO ORDERED.

Dated this 21st day of November, 2024.

Thomas S. Zilly
United States District Judge